**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Eugene GRIFFIN, a/k/a "Gene," Defendant-Appellant.**

**No. 75–3625**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 19, 1976.

Rehearing and Rehearing En Banc Denied June 1, 1976.

[redacted]

[redacted]

[redacted]

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970,* 431 F.2d 409 Part I.

Raoul Lerow, Atlanta, Ga., Ben B. Philips, John C. Swearingen, Jr., Columbus, Ga., for defendant-appellant.

Ronald T. Knight, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Eugene Griffin was convicted of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. We have considered all of Griffin's arguments and find them to be without merit. Only his argument that he was improperly interrogated about his failure to make a statement to law enforcements merits further discussion.

Griffin's defense at trial was that he purchased the stolen automobile from a "Paul Brown" and that he obtained possession of the car only after it had completed its interstate journey. "Paul Brown" did not appear at trial. The prosecution presented evidence that the address attributed to Brown on a purported New York registration for the car was occupied by a city park and that the New York license tag number appearing on this registration was actually allocated to an uninvolved third party. When Griffin took the stand to offer his defense, he was closely cross-examined as to his knowledge of "Paul Brown." During this cross-examination, a colloquy occurred [1] which Griffin asserts is reversible error under *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). His argument fails because it is based on an incorrect interpretation of *Hale.*

In *Hale,* a defendant who took the stand was forced to admit on cross-examination that he had not offered his exculpatory story to the police at the time of his arrest. The Court ruled that this was improper impeachment because silence at the time of arrest was not very probative of defendant's credibility because it was too ambiguous to be characterized as inconsistent with exculpatory testimony at trial. *Id.* 422 U.S. at 174–181, 95 S.Ct. at 2136–39, 45 L.Ed.2d at 104–107. The Court also noted the significant potential for prejudice inherent in the jury's response to the evidence. *Id.* 422 U.S. at 181, 95 S.Ct. at 2139, 45 L.Ed.2d at 107.

However, in Griffin's case the challenged colloquy was appropriate for rea-

---

1. Q  You don't know anyone that knows him?

A  Do I know anyone that knows him?  I can't say that I know anyone that knows him.  I know that I was introduced to him by mutual friends of both of us.

Q  Who?

A  I don't know who that is.  As I said, it has been five years.

Q  Have you checked back among your mutual friends in New York to try to locate him?

A  *I had no need to.  I figure you would do that, that you would have Mr. Brown here.* [Emphasis added.]

Q  Let me ask you, have you ever told me this story before today?

A  *I assumed* that you *knew* it.  [Emphasis added.]

Q  I asked you had you ever told me this story before?

A  No.

Q  Have you ever told members of the Federal Bureau of Investigation this story?

A  I have not talked to members of the Federal Bureau of Investigation.

Q  Right.  Have you ever told any law enforcement officer this story before today?

A  No, no need to.

sons going beyond mere credibility. In an effort to undermine the effectiveness of proper cross-examination, Griffin created the misleading impression that the prosecution had been previously informed of his defense. This impression in turn suggested that the prosecutor either failed to investigate the story or suppressed the results of his investigation in favor of reliance on his ability to badger Griffin on the stand. This case is controlled, not by *Hale*, but by *United States v. Fairchild*, 505 F.2d 1378, 1383 (5th Cir. 1975). Through his responses on cross-examination here, as through his counsel's questions on direct there, the defendant attempted to create misleading inferences. In each case, his prior silence directly refuted the inferences which he voluntarily introduced into the case. It is proper for the prosecutor to employ further cross-examination, as he did here, to correct the misleading impression rather than waiting to introduce rebuttal evidence as was done in *Fairchild.*

Finally, this case is further distinguishable from *United States v. Hale, supra,* in that the prejudicial potential of the prosecutor's inquiries is much smaller. The prosecutor's questions here merely elicited Griffin's failure to inform any law enforcement officials of his story. Unlike the prosecutor in *Hale,* this prosecutor did not develop the prejudicial picture of an accused remaining silent in the face of police interrogation at the time of the arrest.

AFFIRMED.